Gary A. Zipkin
Christina A. Rankin
Guess & Rudd P.C.
510 L Street, Suite 700
Anchorage, Alaska 99501
(907) 793-2200 Telephone
(907) 793-2299 Facsimile
E-mail: gzipkin@guessrudd.com
Attorneys for JLG Industries, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| Michele S. Kahle, Personal Representative of the Estate of <br><br> TYLER THOMAS KAHLE, <br><br> Plaintiff, <br><br> vs. <br><br> JLG INDUSTRIES, INC., a Pennsylvania Corporation <br><br> Defendant. | U.S. District Court Case No. NO 09-_____ CIV(__) <br><br> Superior Court Case No. 2N0-09-185 CI |

NOTICE OF REMOVAL


Defendant JLG Industries, Inc. ("JLG"), by and through its attorneys, Guess & Rudd P.C., hereby removes to this court the state court action described below.

Kahle v. JLG Industries, Inc.;
USDC Case No. NO09-____-CIV(__)
State Court Case No. 2N0-09-185 CI
NOTICE OF REMOVAL
Page 1 of 5
Case 2:09-cv-00004-JWS   Document 1   Filed 08/06/09   Page 1 of 5

1. Introduction

On July 15, 2009, plaintiff filed a suit in the Superior Court for the Third Judicial District at Nome, Alaska, entitled <u>Michele S. Kahle, Personal Representative of the Estate of Tyler Thomas Kahle v. JLG Industries, Inc.</u>, Case No. 2N0-09-185 Civil.

The Complaint alleges that Tyler Kahle was "fatally injured as a passenger in a JLG 1997 model 120 HX, serial number 0541920300031742, manlift when it toppled over while descending from an elevated location" because the product was defectively designed by JLG.[1] The Complaint further alleges that JLG's product failed to include proper and adequate warnings or instructions. According to the Complaint, JLG breached its duty of care to Tyler Kahle. Plaintiff's prayer for damages asked for "judgment against defendant in the amount in excess of $2,500,000.00."[2] (Complaint ¶ 6 of prayer).

This court has jurisdiction pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441. There is complete diversity as between the parties and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

Pursuant to 28 U.S.C. § 1446, JLG has attached as Exhibit A all of the state court process, pleadings, and orders served upon it. This Notice of Removal is filed within thirty days after receipt by JLG of a copy of the original summons and complaint.

---

[1] <u>See</u> Exhibit A, Complaint ¶ 3 & 6.
[2] <u>Id.</u> at p. 2.

<u>Kahle v. JLG Industries, Inc.</u>;
USDC Case No. NO09-____-CIV(__)
State Court Case No. 2N0-09-185 CI
NOTICE OF REMOVAL
Page 2 of 5
Case 2:09-cv-00004-JWS   Document 1   Filed 08/06/09   Page 2 of 5

Id. JLG has, simultaneously, with this filing, also filed its Notice of Filing of Notice of Removal in the Superior Court for the Second Judicial District at Nome.

### 2. Argument

#### A. The Amount In Controversy Exceeds $75,000

Where a complaint sets forth a specific amount of damages in excess of the jurisdictional amount, then the plaintiff's allegations are controlling.[3] Because the Complaint seeks compensatory damages in excess of $2,500,000, the requisite amount in controversy is satisfied.

#### B. Complete Diversity Exists As To All Parties

The Complaint asserts that plaintiff Michele S. Kahle is a resident of the State of Wisconsin. JLG has no reason to believe otherwise.[4]

Defendant JLG is a Pennsylvania corporation with its principal place of business in McConnellsburg, Pennsylvania, and it is therefore a citizen of the State of

---

[3] See Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 402 (9th Cir. 1996) ("the sum claimed by the plaintiff controls if the claim is apparently made in good faith") (quoting St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283 (1938)).
[4] See Exhibit A.

Kahle v. JLG Industries, Inc.;
USDC Case No. NO09-____-CIV(__)
State Court Case No. 2N0-09-185 CI
NOTICE OF REMOVAL
Page 3 of 5
Case 2:09-cv-00004-JWS   Document 1   Filed 08/06/09   Page 3 of 5

Pennsylvania for diversity purposes.[5] Thus, there exists complete diversity of citizenship between the plaintiff and JLG.

3. Conclusion

Because the substantive requirements of federal diversity jurisdiction have been fully satisfied, JLG respectfully requests that this court assume full jurisdiction over this action.

DATED at Anchorage, Alaska, this 5th day of August, 2009.

GUESS & RUDD P.C.
Attorneys for JLG Industries, Inc.

By:   s/ Gary A. Zipkin
       Guess & Rudd P.C.
       510 L Street, Suite 700
       Anchorage, Alaska  99501
       Phone:  (907) 793-2200
       Fax:  (907) 793-2299
       Email:  gzipkin@guessrudd.com
       Alaska Bar No. 7505048

---

[5] 28 U.S.C. § 1332(c)(1).

Kahle v. JLG Industries, Inc.;
USDC Case No. NO09-____-CIV(__)
State Court Case No. 2N0-09-185 CI
NOTICE OF REMOVAL
Page 4 of 5
Case 2:09-cv-00004-JWS   Document 1   Filed 08/06/09   Page 4 of 5

## VERIFICATION FOR NOTICE OF REMOVAL

STATE OF ALASKA            )
                           ) ss.
THIRD JUDICIAL DISTRICT    )

      Gary A. Zipkin, being of lawful age and being first duly sworn, deposes and says that he has executed the above Notice of Removal, that he has read the same, and that the matters therein set forth are true to the best of his knowledge, information, and belief, and that he has signed the same freely and voluntarily.

                                            Gary A. Zipkin

      SUBSCRIBED AND SWORN TO before me, a notary public, this _____ day of August, 2009.

                                            Notary Public in and for Alaska
                                            My Commission Expires:_____

### CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of August, 2009, I
mailed a true and correct copy of the foregoing document
to the following:

Michele S. Kahle
525 Theiler Drive
Tomahawk, WI 54487

Guess & Rudd P.C.
By: /s/ Gary A. Zipkin
F:\DATA\6184\1\Pleadings\01 carRemoval.doc

Kahle v. JLG Industries, Inc.;
USDC Case No. NO09-____-CIV(__)
State Court Case No. 2N0-09-185 CI
NOTICE OF REMOVAL
Page 5 of 5

Case 2:09-cv-00004-JWS   Document 1   Filed 08/06/09   Page 5 of 5