

RECEIVED
fax 12/15
JUL 31 2009
BURGESS & RUDD P.C.

## IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

### SECOND JUDICIAL DISTRICT AT NOME

| | |
|---|---|
| Michele S. Kahle, Personal Representative of the Estate of TYLER THOMAS KAHLE,<br><br>Plaintiff,<br>v.<br><br>JLG Industries, Inc., a Pennsylvania Corporation<br><br>Defendant | Filed in the Trial Courts<br>state of Alaska, Second District<br>at NOME<br><br>JUL 15 2009<br><br>By _____ Deputy<br><br>Case No. 2NO-09-185 CI |

### COMPLAINT

COMES NOW, **Michele S. Kahle**, Personal Representative of the Estate of Tyler Thomas Kahle, and alleges as follows:

1. Plaintiff Michele S. Kahle is a Wisconsin Resident and the Personal Representative of the Estate of Tyler T. Kahle, decedent.

2. Defendant, JLG Industries, Inc., a Pennsylvania Corporation, designs manufactures, and markets access equipment, including the 1997 JLG model 120 HX.

3. On the evening of July 19, 2007, at the Rock Creek Gold Mine Construction Project in Nome, Alaska, Tyler T. Kahle, an employee of contractor Alaska Mechanical Inc., was fatally injured as a passenger in a JLG 1997 model 120HX, serial number 054192 0300031742, manlift when it toppled over while descending from an elevated location.

4. The defendant designed and assembled the model JLG 120 HX manlift which contained defective conditions because the design was defective and unsafe.

5. This design defects made the product unreasonably dangerous.

6. As a direct and proximate cause of Defendant's defectively designed product, Plaintiff sustained fatal injuries.

7. Defendant owed a duty to Plaintiff that the manlift be designed in such a way that made it safe for its intended purpose.

8. Defendant knew or should have known when designing and marketing this equipment that it was designed defectively, creating an unreasonable risk of injury to Plaintiff.

Receipt 462367 $150.00

EXHIBIT _A_
Page _1_ of _4_

1

9. Plaintiff was negligent in failing to properly design, and communicate the defect in the system to Plaintiff, creating a clear and immediate risk of serious injury. As a direct and proximate result, Plaintiff sustained fatal injuries.

10. Defendant failed to include proper and adequate warnings or instructions on use or potential dangers to operators and passengers.

11. As a direct result of the defendant's breach of duty, Tyler T. Kahle unwittingly entered a dangerous piece of equipment simply for a ride to the ground at the completion of his shift when the manlift tipped, hitting the side of the mill building and crashed to the ground. The telescoping boom collided with a lower section of the steel structure and caused the middle section of the boom to bend, accelerating the downward forces of the crashing basket and catapulted Tyler Kahle and his co-worker to the ground. His co-workers initiated CPR and life support measures which continued for approximately 45 minutes until his arrival at the Norton Sound Hospital where he was pronounced dead on arrival and thereby suffered extreme physical and emotional pain and suffering and other damages as may be allowed by law. These damages are in excess of 500,000.00 and recoverable under AS 09.55.570.

13. As a further direct and proximate result of the defendant's breach of duty, the estate of Tyler T. Kahle and statutory beneficiaries respectively, have suffered damages specified under AS 09.55.580. These damages are in excess of $2,000,000.00, the actual amount to be proven at trail.

WHEREFORE, plaintiff prays for judgment against defendant in the amount in excess of $2,500,000.00 for the damages as alleged, plus the costs, interest and attorney's fees as provided by law; and, for whatever other relief this court deems just and proper the premises considered.

Respectfully submitted this 11th day of July, 2009.

By: _____
Michele S. Kahle
Personal Representative
525 Theiler Drive
Tomahawk, WI 54487
(715) 452-8921

received 7/29/09 via reg. mail

IN THE DISTRICT/SUPERIOR COURT FOR THE STATE OF ALASKA
AT _____NOME_____

Michele S. Kahle, personal
Representative of the Estate of

TYLER THOMAS KAHLE
               Plaintiff(s),

vs.

JLG Industries, Inc.,

a Pennsylvania Corporation
               Defendant(s).

CASE NO. 2NO-09-185 CI

**SUMMONS AND NOTICE TO BOTH PARTIES OF JUDICIAL ASSIGNMENT**

To Defendant: _____JLG Industries Inc._____

You are hereby summoned and required to file with the court a written answer to the complaint which accompanies this summons. Your answer must be filed with the court at (address): P.O. Box 1110, Nome, AK 99762-1110 within 20 days* after the day you receive this summons.

In addition, a copy of your answer must be sent to:
    Plaintiff's attorney or plaintiff (if unrepresented): Michele S. Kahle
    Address: 525 Theller Drive
              Tomahawk, WI 54487

If you fail to file your answer within the required time, a default judgment may be entered against you for the relief demanded in the complaint.

If you are not represented by an attorney, you must inform the court and all other parties in this case, in writing, of your current mailing address and any future changes to your mailing address and telephone number. You may use court form *Notice of Change of Address / Telephone Number* (TF-955), available at the clerk's office or on the court system's website at www.state.ak.us/courts/forms.htm, to inform the court.

-OR-

If you have an attorney, the attorney must comply with Alaska R. Civ. P. 5(i).

**NOTICE OF JUDICIAL ASSIGNMENT**

To: Plaintiff and Defendant

You are hereby given notice that this case has been assigned to Judge BEN ESCH.

7/21/2009
Date

CLERK OF COURT
By: _____
Deputy Clerk

CIV-100 (2/06)(st.3)
SUMMONS

Civil Rules 4, 5, 12, 42(c), 55

EXHIBIT A
Page 3 of 4

\* The state or a state officer or agency named as a defendant has 40 days to file its answer. If you have been served with this summons outside the United States, you also have 40 days to file your answer.

CIV-100 (2/06)(st.3)
SUMMONS

Civil Rules 4, 5, 12, 42(c), 55

EXHIBIT  A
Page 4 of 4