UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| MICHELE S. KAHLE, Personal Representative of the Estate of Tyler Thomas Kahle, | ) ) ) ) |
| Plaintiff, | ) 2:09-cv-0004-JWS ) |
| vs. | ) ORDER AND OPINION ) ) [Re: Motions at Dockets 23 and 30] |
| JLG INDUSTRIES, INC., a Pennsylvania Corporation, | ) ) ) |
| Defendant. | ) ) |

## I. MOTIONS PRESENTED

At docket 23, plaintiff Michele S. Kahle ("Kahle") moved to remand this matter to Alaska Superior Court for the Third Judicial District at Nome. At docket 28, defendant JLG Industries, Inc. ("JLG" or "defendant") opposed the motion and amended its notice of removal at docket 26. Kahle replies at docket 29.

Although JLG already filed its amended notice of removal at docket 26, JLG moved this court to accept the amended notice at docket 30. Kahle opposed this motion at docket 31. JLG replied at docket 32. Kahle's request for leave to file a sur-reply at docket 33 was granted at docket 34. As instructed, Kahle filed her sur-reply at docket 35. JLG responded to Kahle's sur-reply at docket 36.

Oral argument was not requested on either motion, and would not assist the court.

## II. BACKGROUND

On July 19, 2009, Kahle, then proceeding *pro se*, instituted multiple actions, including this one, against five different defendants in Alaska Superior Court for the Third Judicial District at Nome. Of the five defendants, four have removed to this court.[1] Each matter arises from the July 19, 2007 death of Tyler Thomas Kahle ("Tyler") at the Rock Creek Gold Mine Construction Project in Nome. Tyler was an employee of Alaska Mechanical, Inc., and was allegedly killed while a passenger in a 1997 JLG 120HX manlift bearing serial number 0541920300031742. The lift purportedly toppled over while descending from an elevated location. Kahle alleges damages arising from Tyler's death pursuant to AS 09.55.580 in excess of $2 million and costs in excess of $500,000. JLG seeks to remove this matter based on diversity jurisdiction, 28 U.S.C. §§ 1332 and 1441. Specifically, JLG contends that the amount in controversy stated in Kahle's complaint is well in excess of the $75,000 jurisdictional floor, and that complete diversity exists between JLG, a Pennsylvania corporation, and Kahle, a resident of Wisconsin.[2]

Kahle moves to remand the matter on several grounds: (1) JLG failed to allege Kahle or Tyler's citizenship, rendering the jurisdictional basis for diversity inadequate; (2) JLG failed to obtain the consent of all defendants prior to removal; and (3) Alaska Gold is a citizen of Alaska, destroying complete diversity.[3] JLG responds first by amending its notice of removal to cure its initial failure to allege Kahle and Tyler's citizenship pursuant to 28 U.S.C. § 1653.[4] Although "unnecessary," JLG also moves to file its amended notice, which was previously filed, out of "an abundance of caution."[5]

---

[1]Aside from JLG, the other four defendants include Alaska Gold Company ("Alaska Gold"), NovaGold Resources, Inc. ("NovaGold"), United Rentals Northwest, Inc. ("United"), and Executive Force Australia PTY LTD ("Executive Force"). Only JLG, Alaska Gold, NovaGold, and Executive Force noticed removal.

[2]Docket 1 at 3.

[3]Docket 24 at 3-4.

[4]Docket 26.

[5]Docket 30 at 3.

-2-

Kahle vigorously opposes such an amendment, arguing that it improperly adds a new jurisdictional basis for diversity in the face of opposition regarding Kahle and Tyler's citizenship.[6]  JLG opposes Kahle's motion to remand, arguing that there is no dispute that (1) neither Kahle nor Tyler were ever citizens of Pennsylvania; (2) no consent was required because no co-defendants were named; and (3) Alaska Gold's citizenship is immaterial because Alaska Gold is a non-party.[7]  Because the outcome of the motion to remand turns on the outcome of the motion to amend the notice of removal, the court addresses the latter motion first.

### III.  DISCUSSION

**A. Motion at Docket 30**

The first issue to be resolved is whether JLG should be permitted under 28 U.S.C. § 1653 to amend its notice of removal to add the claim that Kahle and Tyler are citizens of Wisconsin.  JLG contends that its amended notice was intended to correct a defect, not to add an entirely new basis for jurisdiction.  Section 1653 states that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."[8]  In the context of a removal notice, § 1653 permits defective allegations of subject-matter jurisdiction to be amended liberally, and to be cured *at any time* prior to judgment[9] - indeed, as one prominent commentator noted, "cases disallowing amendment seem unnecessarily grudging in their attitude, as do some of the decisions dealing with other types of amendments of the notice of removal."[10]  A

---

[6] Docket 31 at 1-2.

[7] *See generally* Docket 28.

[8] 28 U.S.C. § 1653.

[9] *Soliman v. Phillip Morris, Inc.*, 311 F.3d 966, 970 (9th Cir. 2003); *see also Barrow Dev. Co. v. Fulton Ins. Co.*, 418 F.2d 316, 317 (9th Cir. 1969); *Rossi, Turecamo & Co., Inc. v. Best Resume Serv., Inc.*, 497 F. Supp. 437, 439-40 (S.D. Fla. 1980) (discussing history of § 1653).

[10] 14C Charles A. Wright and Arthur R. Miller, Federal Practice & Procedure: Jurisdiction § 3733 (4th ed. 2009).

failure to allege citizenship of a party is a "defect" for purposes of a § 1653 amendment.[11]

Here, although it improperly adopted the term "resident," as used in Kahle's complaint, and failed in its original notice to assert any jurisdictional basis against Tyler, JLG amended its notice to allege that Kahle is a citizen of Wisconsin. The court views JLG's failures as defects because JLG's amended notice simply added a reference to Kahle's and Tyler's citizenship, but did not change the underlying basis for removal - diversity - or otherwise alter the jurisdictional facts. JLG's amendment cures a defect in phraseology, and does not produce jurisdiction where none existed before.[12] Therefore, the court grants JLG's motion for leave to amend its notice. The amended notice is now the operative notice.

**B. Motion at Docket 23**

The next issue to be resolved is whether JLG has an appropriate basis for removal. Because Kahle does not dispute that the amount in controversy exceeds $75,000, the only question is whether complete diversity exists. JLG contends that even if Tyler were a citizen of Alaska, and not Wisconsin, that distinction is without a difference because diversity jurisdiction would still exist. Kahle believes, incorrectly, that JLG must establish that Tyler was *not* a citizen of Alaska in order to remove the matter to this court. Under § 1332(c)(2), "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent."[13] Thus, no matter what Kahle's citizenship, it will be the same as Tyler's citizenship at the time of his death. Kahle contends that Tyler may have been a citizen of Alaska, while JLG counters that Tyler intended to return to Wisconsin. However, for purposes of Kahle's motion to remand, JLG is correct that it does not matter whether Tyler was a citizen of Alaska or Wisconsin, because his citizenship in either state would still justify removal by a Pennsylvania corporation such as JLG. Moreover, JLG is correct that it was under no

---

[11]*Id.*

[12]*Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 831-31 (1989).

[13]28 U.S.C. § 1332(c)(2).

-4-

obligation to obtain the consent of Alaska Gold, NovaGold, or any other defendant in Kahle's related lawsuits because they are only prospective co-defendants in a matter to be consolidated in the future, and were not co-defendants at the time of removal. Accordingly, Alaska Gold's Alaska citizenship would not destroy diversity for purposes of Kahle's suit against JLG.

While the court understands that all five matters should likely be consolidated, this court is powerless to order consolidation of matters pending in state court with matters pending in federal court. Therefore, until all matters are before one or the other court, Kahle's ability to advance an argument in favor of consolidation will necessarily be hamstrung.

## IV.  CONCLUSION

For the reasons set forth above, JLG's motion to amend its notice of removal at docket 30 is **GRANTED**. Kahle's motion to remand at docket 23 is **DENIED**.

DATED at Anchorage, Alaska, this 17th day of December 2009.

                                         /s/ JOHN W. SEDWICK
                                     UNITED STATES DISTRICT JUDGE